IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,299-01






EX PARTE JASON MYERS GIBSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-0168X IN THE 71ST DISTRICT COURT


FROM HARRISON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation with a deadly weapon, enhanced by a prior felony conviction, and was sentenced to
ninety-nine years' confinement. The Sixth Court of Appeals affirmed his conviction. Gibson v.
State, No. 06-07-00200-CR (Tex. App.-Texarkana, delivered July 2, 2008). 

 This Court received the original 11.07 application on January 7, 2010 and denied relief
without a written order on January 20, 2010. We now withdraw that decision, reconsider the case
on our own motion, and remand it to the trial court for findings of fact and conclusions of law
consistent with this order. Tex. R. App. P. 79.2(d). 

 Applicant contends that he received ineffective assistance of counsel because his attorney
failed to offer into evidence at trial the written statements of two eye-witnesses which were
inconsistent with the eye-witnesses' trial testimony. Counsel, who is now a District Court Judge and
presided over Applicant's initial application, did not file an affidavit. Likewise, as the Judge
presiding over Applicant's habeas corpus application, he made no findings of fact or conclusions
of law. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Since the
presiding judge of the 71st District Court was Applicant's trial counsel, he is disqualified from
presiding over Applicant's habeas proceedings. Tex. Code Crim. Pro. Art. 30.01. Therefore, the
Presiding Judge of the First Administrative Region shall assign this case to a different trial judge to
preside over Applicant's habeas corpus case. The assigned trial judge shall then order trial counsel
to file an affidavit addressing Applicant's claim. In addition, the assigned trial judge may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether trial counsel's performance was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

 

 A copy of this Order shall be sent to the Presiding Judge of the First Administrative Region.



Filed: June 9, 2010

Do not publish